SAM GLASSCOCK III
VICE CHANCELLOR

**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 22, 2018
Date Decided: May 24, 2018

Philip Trainer Jr., Esquire
Marie M. Degnan, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899

Gregory V. Varallo, Esquire
Susan M. Hannigan, Esquire
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, Delaware 19801

Michael Busenkell, Esquire
Geller Scali Busenkell & Brown LLC
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801

Thomas A. Uebler, Esquire
Kerry M. Porter, Esquire
McCollom D'Emilio Smith Uebler LLC
1523 Concord Pike, Suite 300
Wilmington, Delaware 19803

Re: *MHS Capital LLC v. Goggin et al.*, Civil Action No. 2017-0449-SG

Dear Counsel:

On May 17, 2018, Defendant Keith Goggin moved for clarification of this Court's May 10, 2018 Memorandum Opinion granting in part and denying in part the Defendants' Motions to Dismiss.[1]  Goggin sought clarification on the ground that the Court "did not address [his] argument that any claim that survives should

---

[1] *MHS Capital LLC v. Goggin*, 2018 WL 2149718 (Del. Ch. May 10, 2018).

at a minimum be dismissed to the extent that plaintiff purports to assert it individually (and should accordingly proceed only derivatively)."[2] On May 22, Goggin filed a letter with the Court, acknowledging that the Memorandum Opinion in fact addressed his request to rule that any surviving claim is derivative rather than direct. As Goggin points out, this Court stated that it "need not decide" whether any surviving claim is derivative or direct, because even if it held that such a claim was derivative, "demand would be excused and the claim would proceed."[3] The Court cited Delaware authority in support of this approach.[4] Nevertheless, Goggin argues that "the central premise of his Motion remains unchanged," and he continues to seek a ruling on whether the surviving claim for breach of contract is direct or derivative.[5]

The Motion is denied. "A motion for clarification may be granted where the meaning of what the Court has written is unclear, and such a motion is treated, procedurally, as a motion for reargument under Court of Chancery Rule 59(f)."[6] As Goggin now concedes, there is nothing unclear about this Court's treatment of

---

[2] Mot. for Clarification ¶ 3.

[3] *MHS Capital LLC*, 2018 WL 2149718, at *18 n.203.

[4] *See Needham v. Cruver*, 1993 WL 179336, at *3 (Del. Ch. May 12, 1993) ("This Court need not decide at this point whether plaintiffs' claims ... are individual or stockholder derivative claims because, even if the claims are derivative claims, a pre-suit demand should be excused."); *Chrysogelos v. London*, 1992 WL 58516, at *7 n.8 (Del. Ch. Mar. 25, 1992) ("I need not decide the character of th[e] claim, because even if it is derivative, demand is excused.").

[5] May 22, 2018 Letter to the Court.

[6] *Naughty Monkey LLC v. MarineMax Northeast LLC*, 2011 WL 684626, at *1 (Del. Ch. Feb. 17, 2011).

the direct/derivative issue.  Where, as here, the meaning of a court's decision is clear, a motion for clarification will be denied.[7]  Moreover, Goggin does not argue that this Court "overlooked a decision or principle of law that would have controlling effect or . . . misapprehended the facts or the law so the outcome of the decision would be different."[8]  Accordingly, there is no basis for reargument or clarification of the Memorandum Opinion.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[7] *See In re Oxbow Carbon LLC*, 2017 WL 1191903, at *2 (Del. Ch. Mar. 30, 2017) (denying a motion for clarification of a "ruling [that] was clear and unambiguous").
[8] *Pontone v. Milso Indus. Corp.*, 2014 WL 4352341, at *1 (Del. Ch. Sept. 3, 2014).

3